891 So.2d 264 (2004)
Judson Clark LOWERY, Jordan Hiatt Lowery and Charlie Jade Lowery, Minors, as Wrongful Death Beneficiaries of Robin Rebekah Clark Irby, Deceased, by and through John Mark Irby, Administrator of the Estate of Robin Rebekah Clark Irby, and John Mark Irby, Individually, Appellants
v.
HARRISON COUNTY BOARD OF SUPERVISORS, Appellee.
No. 2003-CA-01538-COA.
Court of Appeals of Mississippi.
October 26, 2004.
Rehearing Denied January 11, 2005.
*265 William Lee Guice, Maria M. Cobb, Biloxi, attorneys for appellants.
Karen J. Young, Gulfport, attorney for appellee.
Before KING, C.J., IRVING and MYERS, JJ.
KING, C.J., for the Court.
¶ 1. Aggrieved by the trial court's grant of summary judgment, Lowery appeals and asserts the following assignments of error, which we quote verbatim:
I. The Court erred in finding that Olin K. Dart's expert report was not admissible due to the fact that it was not sworn.
II. The Court erred in finding that Plaintiffs failed to present any evidence that the accumulation of excess gravel on Fire Tower Road and Allen Drive constituted a dangerous condition.

STATEMENT OF FACTS
¶ 2. On January 20, 2000, Robin Rebecca Clark Irby lost control of her 1994 Pontiac Grand Am as she rounded a curve northbound on Fire Tower Road where it intersects with Allen Drive in Harrison County. Irby's vehicle left the roadway traveling onto the shoulder of Fire Tower Road. Irby's vehicle then crossed Fire Tower Road, entered a ditch to the west, flipped over and struck a utility pole. Irby was killed in the accident. Fire Tower Road is a state aid road, a black topped road, with gravel right of ways. Allen Drive is a Harrison County road.
¶ 3. On February 19, 2001, Irby's beneficiaries filed a wrongful death claim against General Motors Corporation, the Harrison County Board of Supervisors, the Mississippi Department of Transportation, and Coast Electric Power Association. All defendants, with the exception of the Harrison County Board of Supervisors, were subsequently dismissed.
¶ 4. In their complaint, Irby's beneficiaries claimed that gravel deposited on the shoulder of Allen Drive was dislodged by vehicles and accumulated on the east edge of Fire Tower Road in the curve on Allen Drive. Lowery's accident re-constructionist testified that this deposit of gravel significantly reduced Irby's ability to negotiate the curve due to the reduction in available friction.
¶ 5. On March 3, 2003, Harrison County filed a motion for summary judgment. On March 10, 2003, the trial court granted Lowery's motion to strike Harrison County's motion for summary judgment. On March 19, 2003, Harrison County was allowed to renew its motion for summary judgment. After a June 24, 2003, hearing Harrison County's motion for summary judgment was granted. Final judgment of dismissal of Lowery's claim was filed on July 7, 2003.

ISSUES AND ANALYSIS

I.
The Court erred in finding that Olin K. Dart's expert report was not admissible *266 due to the fact that it is was not sworn.
¶ 6. Lowery claims that the trial court erred in not considering Olin Dart's unsworn expert report as a defense to Harrison County's motion for summary judgment. Lowery claims that Mississippi caselaw mandates that the trial judge consider all evidence before him on a motion for summary judgment, not only sworn evidence.
¶ 7. Pursuant to Mississippi Rules of Civil Procedure Rule 56, a party opposing the grant of a motion for summary judgment, must do so with evidence sufficient to demonstrate the existence of a disputed material fact. This evidence may be in the form of depositions, admissions, answers to interrogatories, or affidavits. M.R.C.P. 56(c). Where affidavits are offered, they must be based upon personal knowledge, and "set forth such facts as would be admissible in evidence." M.R.C.P. 56(e). This Court's standard of review for a motion for summary judgment is well-settled, and is stated as follows:
This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment and examines all the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact and, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.
Williamson ex rel. Williamson v. Keith, 786 So.2d 390, 393 (¶ 10) (Miss.2001) (emphasis added).
¶ 8. The above stated rule and quote clearly indicate that Lowery is in error. An issue of fact is present to overcome a motion for summary judgment where the parties swear to their version with facts that must be admissible in evidence. Therefore, the trial judge did not have to consider the unsworn report of Olin Dart.
¶ 9. However, a careful review of the record reveals that the trial judge never ruled that Dart's testimony would not be considered, he merely mentioned in his opinion that Dart's report was unsworn and therefore inadmissible. In actuality, the trial judge did consider the testimony of Olin Dart, as indicated in his opinion by the statement "[p]laintiff's second expert whose testimony was unsworn, stated only that the presence of loose gravel could possibly lower the critical speed of the curve." The trial judge noted that the testimony was inadmissible, but nevertheless considered it when rendering his opinion. Even after the consideration of this report, the trial court found that Lowery had failed to establish the existence of a material disputed fact.
¶ 10. Accordingly, there is no merit to this issue.

II.
The Court erred in finding that Plaintiffs failed to present any evidence that the accumulation of excess gravel on Fire Tower Road and Allen Drive constituted a dangerous condition.
*267 ¶ 11. Lowery contends that Brett Alexander's report created a genuine issue of material fact making the trial judge's grant of summary judgment improper. Lowery contends that since Mississippi case law does not define a "dangerous condition," the case should have been submitted to a jury to determine whether the loose gravel constituted a dangerous condition. This case was brought under the Mississippi Tort Claims Act, codified in Mississippi Code Annotated Section 11-46-1-23 (Rev.2002), which provides for bench trials.
¶ 12. Pursuant to Mississippi Code Annotated Section 11-46-9(1)(v) (Rev.2002)[1] if Lowery were to successfully pursue this wrongful death action against Harrison County he must prove the following: (1) the existence of a dangerous condition, (2) on Harrison County's property which was either, (3)(a) created by negligent or wrongful conduct of Harrison County, or (3)(b) existing with actual or constructive notice to the County and an adequate opportunity to protect from or warn of the condition.
¶ 13. The expert in accident re-construction, Brett Alexander, indicated that gravel on a surface, especially on an asphalt surface, as in the case sub judice, reduces the amount of friction available to an automobile, which affects the automobile's ability to negotiate a curve. It was his opinion that the gravel on the road played a factor in Irby's accident. Alexander testified that "photographs taken on the date of the accident show a significant amount of loose rocks and gravel on Allen Drive near the west edge of Fire Tower Road," and "the presence of these rocks and gravel would have significantly reduced Irby's ability to negotiate the curve due to the reduction in available friction." It is Lowery's contention that this testimony was sufficient to overcome a motion for summary judgment and require the fact finder to determine whether the gravel constituted a dangerous condition.
¶ 14. However, Brett Alexander, when asked if it was his opinion that the gravel on the road caused the accident, testified that it did not. He also testified that in his opinion Harrison County had not violated any standard, or regulation, by the gravel being on the road. Harrison County's expert witness testified that in his opinion "[g]iven that Irby left the roadway at a high rate of speed on a curve, and attempted to correct in the manner she did, it is probable that this accident would have occurred regardless of the presence of gravel at the intersection."
¶ 15. The record indicated that there had not been any complaints lodged, nor work repair orders issued relating to the gravel at the intersection of Fire Tower Road and Allen Drive. Routine yearly inspections conducted by the State Aid engineer responsible for the upkeep on state aid roads such as Fire Tower Road, and Harrison County reports produced for the last ten years, did not indicate the report of any dangerous condition in need of repair on Allen Drive or Fire Tower Road.
*268 ¶ 16. The trial court held that it would not presume that gravel on a road right-of-way is a dangerous condition, and therefore Harrison County could not be liable under the Mississippi Tort Claims Act because Lowery failed to meet his burden of proof to show that a dangerous condition existed, which Harrison County was aware of and therefore could be liable.
¶ 17. After a thorough examination of the record and depositions in their totality, we find that the trial judge properly granted summary judgment.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANTS.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Miss.Code Ann. § 11-46-9. Exemption of governmental entity from liability on claims based on specified circumstances: (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: ... (v) Arising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee of the governmental entity or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against; provided, however, that a governmental entity shall not be liable for the failure to warn of a dangerous condition which is obvious to one exercising due care.